847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael J. SAVORY, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 88-3063.
 United States Court of Appeals, Federal Circuit.
 April 8, 1988.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Michael J. Savory seeks review of the final decision of the Merit Systems Protection Board, Docket No. PH07528710394, sustaining the Department of the Navy's decision to remove him from his position as a GS-3 File Clerk in the Aviation Supply Office, Philadelphia, Pennsylvania, for unsatisfactory performance and a first offense of unauthorized use of official information. We affirm.
 
 OPINION
 
 2
 Savory was temporarily assigned detail in the clerk position in December 1985 upon his return from an absence for psychiatric treatment. Thereafter, in December 1986, Savory's temporary position was made permanent and it was from the permanent position that his removal became effective in May 1987. Although consideration of unsatisfactory performance during a temporary detail may not be appropriate in some instances, here it was understood that Savory's temporary detail was to the permanent position he would occupy as soon as the paperwork and funding necessary for his assignment to the permanent position were in place. Thus, the duties and performance standards were the same and his performance from June 1986 could properly be considered.
 
 
 3
 The clerk position required Savory to review personnel information and to answer inquiries from financial institutions for employment certification. After obtaining the performance standards for his position on June 5, 1986, Savory received a warning letter of unsatisfactory performance in October 1986. That letter noted Savory had made 96 errors in responding to 207 inquiries and created a 60-day opportunity period for Savory to reach the marginal performance standard of 7 to 8 errors per 100 inquiries. During the opportunity period, Savory was only able to attain a 25% error rate (31 errors for 125 inquiries). That evidence substantially supports the board's decision to sustain the charge of unsatisfactory performance. See 5 U.S.C. Sec. 7703(c) (1982) (statute requires court to affirm board's decision unless it is unsupported by substantial evidence).
 
 
 4
 The second charge, a first offense of unauthorized use of official information, alleges that Savory obtained telephone numbers and other personal information from personnel records and used that information to call two agency employees who were women. Savory challenges the charge, alleging that he did not have access to all personnel records. After hearing conflicting testimony and making a credibility determination, however, the board found that Savory did have access. Our power to review credibility determinations is limited. See, e.g., Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Moreover, substantial evidence supports the board's finding.
 
 
 5
 Savory also argues that he could not have violated a duty of confidentiality because the agency never informed him of the regulations on maintenance of personnel records, 5 C.F.R. pt. 293 (1987), and availability of official information, 5 C.F.R. pt. 294 (1987). The Position Description (PD) for Savory's position lists the regulations under "Factor 1--Knowledge required by position." More importantly, the record clearly shows that Savory was aware that unauthorized personal use of confidential information was a disciplinary offense. In a letter of June 25, 1986, the agency proposed suspension for a separate unauthorized use, one not the basis for removal here. Although that charge was dismissed, it constitutes sufficient notice of a duty of confidentiality.
 
 
 6
 Finally, Savory contends the agency willfully withheld his PD because it showed that he was not qualified for the duties assigned. Nothing in the record indicates the agency withheld the PD; nothing in that document indicates that Savory was unqualified.
 
 
 7
 Having considered all of Savory's arguments, we affirm the decision of the MSPB.